# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MICHAEL L. GABBARD,**
**Claimant Below, Petitioner**

vs.)    **No. 18-0299** (BOR Appeal No. 2052033)
                   (Claim No. 2016012713)

**ASHLAND PERFORMANCE MATERIALS,**
**Employer Below, Respondent**

**FILED**

July 20, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael L. Gabbard, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ashland Performance Materials, by Jeffrey B. Brannon, its attorney, filed a timely response.

The issue on appeal is the compensability of the alleged injury. In an Order dated January 8, 2016, the claims administrator denied Mr. Gabbard's claim because there was no evidence that he sustained an injury in the course of and resulting from his employment. The Workers' Compensation Office of Judges reversed the claims administrator's decision and found that a compensable injury occurred on October 20, 2015, which caused a right medial meniscus tear that necessitated surgery. This appeal arises from the Board of Review's Final Order dated February 7, 2018, in which the Board reversed and vacated the May 16, 2017, Order of the Office of Judges. The Board reinstated the claims administrator's Order of January 8, 2016, which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gabbard, a pipefitter, alleged that he sustained a knee injury on October 20, 2015. He stated that he was working with two co-workers, and climbed up 115 steps carrying a ¾ drive impact wrench over his shoulder. He then climbed up thirteen rungs on a fixed ladder to tighten a

flange. While descending the stairs, he alleges that he injured his right knee on the seventy-seventh step. Mr. Gabbard reported that he felt something stretch in his knee and he immediately felt a sudden, sharp pain in his knee. He stated that he needed to use both hands on the rails in order to make it the rest of the way down the stairway because the pain was so severe. Tyler Morgan, the plant safety officer, drove Mr. Gabbard to the company's doctor where he was examined by Jason Southall, PA. To treat the injury, Mr. Southall limited Mr. Gabbard's repetitive use of his right knee and limited his climbing activities.

Mr. Gabbard continued to work, hoping that the pain would subside. However, the pain did not go away. He treated with T. Robert Love, M.D., on November 4, 2015. Dr. Love, an orthopedic surgeon, noted Mr. Gabbard's sharp, stabbing pain following long periods of walking or climbing stairs. An X-ray of Mr. Gabbard's right knee showed minimal degenerative arthritis.

In an independent medical examination report dated March 7, 2017, David Soulsby, M.D., an orthopedic surgeon, concluded that the medical and other evidence does not support Mr. Gabbard's allegation that he sustained an injury to his right knee. Dr. Soulsby stated that Mr. Gabbard has a moderately arthritic knee and one would expect that he would be able to perform most activities without significant discomfort. However, in the face of more extreme demands on the knee, such as the extensive climbing required to perform his job on October 20, 2015, it should be expected that such extreme demands would cause a degree of aggravation of knee pain related to arthritis. Dr. Soulsby concluded that the aggravation of pain does not reflect a new injury, but rather represents the degree of arthrosis already existing.

On November 12, 2015, Dr. Love performed an arthroscopy on Mr. Gabbard at Our Lady of Bellefonte Hospital in Ashland, Kentucky. The surgery revealed chondromalacia and plica syndrome. Dr. Love believed that the conditions were aggravated by work. Mr. Gabbard was instructed on quadriceps strengthening and was able to return to full duty without restriction.

Mr. Gabbard submitted an Employee's and Physician's Report of Occupational Injury form on December 10, 2015. The physician's portion of the form was signed by Dr. Love. Dr. Love indicated that the injury was a non-occupational condition. However, Dr. Love stated that Mr. Gabbard's prior knee arthritis was aggravated by the injury.

The claims administrator denied Mr. Gabbard's application for workers' compensation benefits on January 8, 2016. In rejecting the claim, the claims administrator stated that there is no evidence that an injury was sustained in the course of and resulting from Mr. Gabbard's employment. Mr. Gabbard protested the claims administrator's decision.

On May 16, 2017, the Office of Judges determined that Mr. Gabbard established that he suffered a compensable injury, which caused a right medial meniscus tear, that necessitated surgery. Accordingly, the Office of Judges reversed the claims administrator's Order of January 8, 2016. The Office of Judges reasoned that the treating physician noted that the claimant had preexisting arthritis, which was aggravated by the injury. The Office of Judges determined that the injury superimposed upon Mr. Gabbard's pre-existing arthritis. The Office of Judges examined the claim in light of *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857

(2016), which held that a pre-existing condition could not be held compensable, but a new injury or aggravation of the pre-existing condition could be held compensable. The Office of Judges found that the extreme demand put on the right knee by Mr. Gabbard's employment going up over 100 steps and descending down over seventy steps, while carrying an impact wrench, was a work-related incident that caused the medial meniscus tear.

The Board of Review found the analysis of the Office of Judges to be erroneous and clearly wrong in view of the reliable, probative and substantial evidence on the whole record. The Board found that Dr. Love, Mr. Gabbard's physician, indicated on the Report of Occupational Injury form that the injury was a non-occupational condition. Dr. Love further wrote, "[p]rior knee arthritis; injury aggravated arthritis." Dr. Soulsby also opined that the medical evidence does not support the claimant's allegation that he sustained an injury to his right knee. The Board also questioned the application of this Court's holding in *Gill*. The Board found that the parties agree that there is no evidence that Mr. Gabbard suffered a torn meniscus of the right knee. His knee was initially misdiagnosed as a torn medial meniscus. Given the evidence, the Board of Review considered *Gill* and concluded that Mr. Gabbard did not suffer an injury to his right knee in the course of and resulting from his employment. In its Order dated February 7, 2018, the Board of Review reversed and vacated the May 16, 2017, Order of the Office of Judges, and reinstated the claims administrator's Order dated January 8, 2016, which rejected the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 20, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum

Justice Loughry, Allen H., II suspended and therefore not participating